NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEITH ANDRE GREEN,

Defendant - Appellant.

No. 24-6461

D.C. No.
9:24-cr-00008-DWM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted October 24, 2025[**]
Portland, Oregon

Before: W. FLETCHER, CHRISTEN, and HURWITZ, Circuit Judges.

Keith Andre Green appeals his conviction for conspiracy to possess with

intent to distribute controlled substances in violation of 21 U.S.C. § 846,

possession with intent to distribute controlled substances in violation of 21 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 942(c)(1)(A)(i). He argues that the district court erred by denying his motion to suppress evidence derived from a traffic stop that occurred while he was driving another individual's vehicle.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the denial of a motion to suppress and "any underlying findings of historical fact" for clear error, "giv[ing] due weight to inferences drawn from th[e] facts by resident judges and local law enforcement officers." *United States v. Steinman*, 130 F.4th 693, 703 (9th Cir. 2025) (second alteration in original) (quoting *United States v. Willy*, 40 F.4th 1074, 1079 (9th Cir. 2022)).

1. Under the totality of the circumstances, and considering the collective knowledge of the officers involved, there was reasonable suspicion to stop the vehicle Green was driving. "An officer may stop a vehicle" when there is reasonable suspicion "that the vehicle's driver is the subject of an outstanding warrant," *United States v. Nault*, 41 F.4th 1073, 1079 (9th Cir. 2022), or is operating the vehicle without a valid license, *see Kansas v. Glover*, 589 U.S. 376, 381 (2020). "Reasonable suspicion 'exists when an officer is aware of specific, articulable facts which, when considered with objective and reasonable inferences,

---

[1] We assume the parties' familiarity with the facts and do not restate them here except as necessary.

form a basis for *particularized* suspicion.'" *United States v. Evans*, 786 F.3d 779, 788 (9th Cir. 2015) (emphasis in original) (quoting *United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (en banc)).

Green argues that Montana Highway Patrol Trooper Steven Larson lacked reasonable suspicion to conduct a traffic stop because he did not have a sufficient basis to conclude that Green, whom Trooper Larson knew lacked a valid license and had an active arrest warrant, was driving the vehicle. We disagree. Missoula Drug Task Force Investigation Officer Brandon O'Dell had long suspected Green of transporting drugs between Washington and Montana. On the day in question, Officer O'Dell received an alert from a license plate reader indicating that a vehicle he had seen Green drive on two prior occasions was travelling between Washington and Montana. Officer O'Dell suspected that Green was returning to Montana with drugs and alerted Trooper Larson. After spotting the vehicle, Trooper Larson observed through its rear window an individual who appeared to be male operating the vehicle. Trooper Larson then drove alongside the vehicle and discerned that the driver's physical build was consistent with Green's photograph in the NCIC database. Green is six feet one inch tall and weighs 185 pounds. Trooper Larson further observed the driver lean back, as if attempting to conceal himself behind the vehicle's B pillar. Trooper Larson knew that the vehicle was registered to a woman, not a man, and that Green had an invalid

license and an active arrest warrant. From these facts and in accordance with the collective knowledge doctrine, Trooper Larson "drew the commonsense inference that [Green] was likely the driver of the vehicle, which provided more than reasonable suspicion to initiate the stop." *Glover*, 589 U.S. at 381; *see United States v. Jensen*, 425 F.3d 698, 704–05 (9th Cir. 2005) (explaining the collective knowledge doctrine).

2.    The district court did not clearly err in crediting Trooper Larson's testimony during the hearing on the motion to suppress. Green contends body-worn camera footage shows that Trooper Larson could not have identified him through the vehicle's heavily tinted windows. He further argues that Trooper Larson's testimony that he recognized Green's "unique hairstyle" was undermined by the fact that Green wore a head covering that day. In Green's view, these obstructions meant that Trooper Larson could not credibly identify the driver and thus acted on a "mere hunch." *Steinman*, 130 F.4th at 709 (quoting *United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (en banc)).

But a district court's factual findings are clearly erroneous only when "illogical, implausible, or without support in the record." *United States v. Bontemps*, 977 F.3d 909, 917 (9th Cir. 2020) (quoting *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010)). "'[W]here testimony is taken, we give special deference to the district court's credibility determinations,' and generally 'cannot

substitute [our] own judgment of the credibility of a witness for that of the fact-finder.'" *Id.* (alterations in original) (citation omitted) (first quoting *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008); and then quoting *United States v. Durham*, 464 F.3d 976, 983 n.11 (9th Cir. 2006)).

The district court's credibility findings readily withstand that deferential review. The side windows were heavily tinted, but Trooper Larson testified that he first observed a driver who appeared to be male through the untinted rear window. Green was wearing a head covering during the stop, he testified at the suppression hearing that he "always wore a hat," and his driver's license photograph depicts him with a head covering. His head covering could constitute an accessory that could reasonably be viewed as part of the distinctive silhouette Trooper Larson saw through the tinted window. Accordingly, the district court's determination that Trooper Larson credibly testified that he reasonably suspected Green to be the driver was not clearly erroneous.

**AFFIRMED.**